IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

```
FILED
AUG 12 2011
CLERK, US DISTRICT COURT
NORFOLK, VA
```

| | | |
|---|---|---|
| WILLIAM DALE, representative for | ) | |
| MARCIA DALE NUTT | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:11cv450 |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | |
| Serve: | ) | |
| Registered Agent | ) | |
| CT Corporation System | ) | |
| 4710 Cox Road, Suite 301 | ) | |
| Glen Allen, VA 23060-6802 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, William Dale, representative for Marcia Dale Nutt, by counsel, and file their Complaint against the Defendant, NCO Financial Systems, Inc., and in support thereof state as follows:

## THE PARTIES

1.      William Dale is the representative for his sister, Marcia Dale Nutt, a mentally incapacitated woman ("Plaintiffs").

2.      NCO Financial Systems, Inc. ("NCO") is a foreign corporation that regularly engages in debt collection practices within the Commonwealth of Virginia, including specifically within this judicial district.

## JURISDICTION AND VENUE

3.      This is an action for damages brought by individual consumers against the named defendant for violations the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, (hereinafter referred to as the "FDCPA").

1

4.    This Court has subject matter jurisdiction over this proceeding pursuant to 15 U.S.C. §1681p; 28 U.S.C. §1331 and 1337; 15 U.S.C. §1692k(d); and Supplemental jurisdiction rests upon 28 U.S.C. §1367.

5.    This Court has personal jurisdiction over the Defendant NCO because it is regularly transacts business within the Commonwealth of Virginia. Defendant is also a "furnisher of information" as stated in 15 U.S.C. §1681 et seq., as amended.

## VENUE

6.    Venue is proper in this Court based upon the following:

a.    The violations of the FDCPA alleged below occurred and/or were committed in Virginia Beach, State of Virginia within this judicial district; and

b.    At all times material hereto, the Defendant, were and continue to be, corporations engaged in business activities in Virginia Beach, Virginia.

7.    The Plaintiffs are individuals residing in Virginia Beach, Virginia and are "consumers" as that term is defined by 15 U.S.C. §1681 *et seq.*, as amended and 15 U.S.C. §1692 *et seq.*

## FACTS COMMON TO ALL COUNTS

8.    Plaintiffs are "individual consumers" as defined by the FDCPA and are alleged to have incurred a financial obligation for consumer purposes, or more specifically, debts with Massy's.

9.    Plaintiff, Marcia Dale Nutt, somehow obtained a credit card with Massy's after all the Credit Reporting Agencies and Social Security Office were put on notice that she is mentally incapacitated and not able to make such decisions without the consent of her Power of Attorney William Dale.

2

10.     Plaintiff, William Dale did not know that Marcia Dale Nutt obtained said credit card or alleged debt until he started receiving phone calls from NCO.

## COUNT I

### VIOLATION OF 15 USC §1692 (c)
### (FAIR DEBT COLLECTION PRACTICES ACT)
### PROHIBITED COMMUNICATION

11.     Plaintiff reaffirms and realleges each and every allegation contained within paragraphs 1 through 10, as though more fully set forth herein, and further states:

### FAILURE TO CEASE AND DESIST

12.     In attempting to collect the alleged debt, NCO, by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692(c)(c) by communicating with the Plaintiff after oral and written notification that the consumer refuses to pay the debt and/or that the consumer wants the collector to cease communications with him/her.

        a.     On August 3, 2011 Plaintiff's counsel caused to be forwarded a "Cease and Desist" letter to NCO in reference to Massy's Credit Card as reported by the Equifax, Experian and Trans Union consumer reporting agencies.  Said letter, sent via facsimile to (866) 389-6756, was delivered to the Defendant on August 3, 2011. *See* Affidavit of Adam Barnett, Esq., attached as Exhibit 1, and the attachments thereto;

        b.     On August 3, 2011 Plaintiff's counsel spoke with NCO and put NCO on notice; and

        c.     On August 5, 2011 Plaintiff's counsel again spoke with NCO and put NCO on notice.

d.      Despite the Plaintiffs' request for no further contact with NCO, NCO called the Plaintiffs anyway, which constituted a communication as defined in the FDCPA.

e.      NCO's communication to the Plaintiffs was for reasons other than those exceptions enumerated within section 806 (C) (1)-(3) of the Fair Debt Collection Practices Act.

<u>PROHIBITED PHONE CONTACT</u>

13.    NCO, by and through its agents and employees violated FDCPA 15 USC §1692 (c)(a)(2) by communicating with Plaintiffs after the Defendant knew or should have know that the Plaintiff was represented by counsel.

a.      Specifically, NCO called Plaintiffs on August 3, 2011 at 5:30 pm, on August 5, 2011, on August 9, 2011 at 8:30 am and during the morning of August 11, 2011.  Plaintiffs' counsel advised NCO that Plaintiffs were represented and were not to be contacted in a phone call between counsel and NCO on August 3, 2011; by counsel's letter dated August 3, 2011; and counsel's subsequent phone conversation on August 5, 2011.

b.      Plaintiffs' counsel did not consent to direct contact with his/her client.

14.    Plaintiffs demand punitive damages, statutory damages, and attorney's fees and costs as said communication and violation was willful.

15.    As a direct and proximate result of the Defendant's four (4) violations of the Fair Debt Collection Practices Act, Plaintiffs have suffered out-of-pocket expenses as well as other actual damages, loss of credit, loss of the ability to purchase and benefit

from credit, the mental and emotional pain and anguish, humiliation and embarrassment of credit denials.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, for an award of actual; statutory damages; and reasonable attorney's fees and costs including pre-post judgment interest at the legal rate; punitive damages; declaratory relief including but not limited to an order directing that the Defendant immediately delete the debt from Plaintiff's credit reports and files and immediately cease the reporting of this debt to any and all persons to whom the Defendant furnishes credit information and such other relief this Court deems necessary, equitable and proper.

**COUNT II**

**VIOLATION OF 15 USC §1692 (d)**
**(FAIR DEBT COLLECTION PRACTICES ACT)**
**HARASSMENT**

16.     Plaintiff reaffirms and realleges each and every allegation contained within paragraphs 1 through 15, as though more fully set forth herein, and further states:

CONTINUOUS CALLS

17.     In attempting to collect the alleged debt, NCO, by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692(d)(5) by causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called/dialed number. More specifically, NCO engaged in repeated and relentless contact with Plaintiff William Dale, specifically contacting him on August 3, 2011, August 5, 2011, August 9, 2011, and August 11, 2011 after being put on notice by counsel not to contact Plaintiffs. NCO was advised that any and all communications regarding the alleged debt were to go through counsel only.

5

18.     As a direct and proximate result of the Defendant's four (4) violation(s) of the Fair Debt Collection Practices Act, the Plaintiffs have suffered out-of-pocket expenses as well as other actual damages, loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish, humiliation and embarrassment of credit denials.

WHEREFORE, the Plaintiffs, demand judgment against the Defendant, for an award of actual; statutory damages; and reasonable attorney's fees and costs including pre-post judgment interest at the legal rate; punitive damages; declaratory relief including but not limited to an order directing that the Defendant immediately delete the debt from Plaintiffs' credit reports and files and immediately cease the reporting of this debt to any all persons to whom the Defendant furnishes credit information and such other relief this court deems necessary, equitable and proper.

## COUNT III

### VIOLATION OF 15 USC §1692 (f) ET. SEQ.
### (FAIR DEBT COLLECTION PRACTICES ACT)
### UNAUTHORIZED/UNFAIR DEBT COLLECTION

19.     Plaintiffs reaver and reallege each and every allegation contained within paragraphs 1 through 18, as though more fully set forth herein, and further state:

### DUNNING FOR A DEBT NOT OWED

20.     In attempting to collect the alleged debt, NCO, by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692(f)(1) by collecting a debt that is not authorized by agreement.

a.     NCO, by and through its agents and employees has not or cannot produce any document or evidence of oral agreement showing that the Plaintiffs authorized the extension of credit or payment terms to the Defendant.

6

b.    NCO, by and through its agents and employees is attempting to collect a debt that has not been assigned to NCO.

21.    As a direct and proximate result of the Defendant's four (4) violations of the Fair Debt Collection Practices Act, Plaintiff has suffered out-of-pocket expenses as well as other actual damages, loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish, humiliation and embarrassment of credit denials.

WHEREFORE, the Plaintiffs, demand judgment against the Defendant, for an award of actual damages pursuant to 15 USC §1692k(a)(1); statutory damages in an amount not to exceed $1,000.00 per violation pursuant to 15 USC §1692k(a)(2)(A); and reasonable attorney's fees and costs including pre-post judgment interest at the legal rate; punitive damages; declaratory relief including but not limited to an order directing that the Defendant immediately delete the debt from Plaintiff's credit reports and files and immediately cease the reporting of this debt to any all persons to whom the Defendant furnishes credit information and such other relief this court deems necessary, equitable and proper.

## JURY TRIAL DEMAND

Plaintiffs are entitled to and hereby demand a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, William Dale, a representative of Marcia Dale Nutt (a mentally incapacitated woman), by and through the undersigned counsel, demand relief against the Defendant, NCO Financial Systems, Inc., as follows:

A)     A judgment against the Defendant in an amount equal to any actual damages sustained by Plaintiffs;

B)     A judgment against the Defendant for statutory damages in an amount equal to $1,000.00 per violation;

C)     A judgment against the Defendant for punitive damages in the amount of $500,000 or in an amount otherwise deemed fit and reasonable;

D)     Pre and post judgment interest on the aforementioned judgments at the maximum rate and for the maximum duration allowed by law.

E)     An award of attorneys' fees and costs herein incurred;

F)     Temporary and/or injunctive relief precluding the Defendant from further obtaining or using Plaintiffs consumer report;

G)     An order directing the Defendant to immediately delete all inaccurate or incomplete information from the Plaintiffs credit reports and files and to cease reporting the inaccurate or incomplete information to any and all persons and entities to whom they report consumer credit information; and

H)     Any and all other relief to which Plaintiffs may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

Dated this 12th day of August, 2011.

Respectfully Submitted

WILLIAM DALE, A REPRESENTATIVE
FOR MARCIA DALE NUTT

By:_____

    John S. Wilson
    Virginia Bar No. 28775
    Counsel for Plaintiff William Dale, a
    representative for Marcia Dale Nutt
    Wilson & McIntyre, PLLC
    500 E. Main Street, Suite 920
    Norfolk, Virginia 23510
    Telephone: (757) 961-3977
    Facsimile: (757) 961-3966
    jwilson@wmlawgroup.com

    Adam R. Barnett, Esq
    Attorney At Law
    Member of the Florida Bar
    Consumer Debt Legal Group
    333 NW First Avenue
    Fort Lauderdale, FL 33301
    Customer Service: (877) 694-9729